865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
D. Phillip GOODELL, Plaintiff-Appellant,
v.
REHRIG INTERNATIONAL, INC.; B. Houston Rehrig; Jane
Rehrig, Defendants-Appellees.
 No. 88-3094.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 9, 1988.
Decided: Jan. 6, 1989.
 
 Samuel D. Rosen (Norman M. Block, Milgrim, Thomajan & Lee P.C.; Eliot Norman, Charles L. Williams, Thompson & McMullan, on brief), for appellant.
 Orran Lee Brown, Sr. (Michael Willis Smith, Dennis O. Laing, Christian, Barton, Epps, Brent & Chappell, on brief), for appellees.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Philip Goodell appeals the grant of summary judgment in favor of Rehrig International, Inc. ("Rehrig International"), B. "Bud" Houston Rehrig and Jane Rehrig in a civil action arising from Goodell's dismissal as chief executive officer of Rehrig International and from the refusal of the defendants to issue stock in the corporation to him upon his demand. Finding no error, we affirm.
 
 
 2
 Rehrig International is a family business engaged in the design, production, and sale of plastic shopping carts. In 1978, the company was going through a period of financial adversity. In July of that year, Bud Rehrig asked Goodell to "come into the company, this is going to be yours and Julie's." At the time, Goodell was married to Julie Rehrig Goodell, Bud and Jane Rehrig's daughter. Goodell understood this to be an offer by Rehrig to hire him in exchange for giving Rehrig International to him and Julie. He left his job and went to work for Rehrig International.[1]
 
 
 3
 His tenure at Rehrig lasted approximately nine years. During that time, he held various positions, including chief financial officer and corporate treasurer and vice-president of sales. He also served as in-house counsel. It is not disputed that during Goodell's tenure the company flourished.
 
 
 4
 It was not until Julie Goodell instituted a divorce action that Goodell realized that her family might dispute his ownership interest in the company. He therefore made a demand for an actual transfer of stock, which was refused. On July 23, 1987, Bud Rehrig fired Goodell as chief executive officer of Rehrig International.
 
 
 5
 In November, 1987, Goodell instituted the instant action for damages against the corporation and Bud and Jane Rehrig, the principal owners, for breach of contract, fraud, unjust enrichment, and wrongful termination. After discovery, the submission of briefs and oral argument, the district court granted summary judgment in favor of the Rehrigs and Rehrig International on all but the unjust enrichment claim. The court found that the breach of contract claim was barred not only by the statute of limitations but also by the fact that the alleged contract was too indefinite to be enforceable. The court further found that Goodell had failed to create a triable issue of fact on his fraud claim and had failed to allege facts sufficient to support a wrongful termination cause of action. On the unjust enrichment claim, the court found a genuine issue of material fact but held that recovery was limited to quantum meruit and denied recovery under quantum valebat, which would have permitted Goodell to recover the amount by which the value of the company increased due to his services.
 
 
 6
 On appeal, Goodell contends that the court improperly applied the statute of limitations and that the terms of the contract were clear and enforceable. He also argues that there is a material question of fact regarding the fraud claim and that the district court improperly restricted his recovery under the unjust enrichment claim.
 
 
 7
 Upon consideration of the record, briefs, and oral argument, we find these contentions without merit. We find the district court's opinion persuasive and affirm the grant of summary judgment for the reasons expressed therein.[2] D. Philip Goodell v. Rehrig International, Inc., et al., C/A No. 87-0700-R (E.D.Va. April 14, 1988).
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 In 1978, the company was actually Rehrig Industries. In 1979, it merged with Silver Sands Ranch, into Rehrig International, Inc
 
 
 [2]
 After the district court denied the defendants' summary judgment motion as to the unjust enrichment claim, Goodell moved for voluntary dismissal of that claim under quantum meruit. The court properly granted that motion. The attempt to restructure the unjust enrichment claim under the theory of quantum valebat is without merit